*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KHALEEL SAQD,

        Plaintiff-Appellant,

and

SPINE SPECIALISTS OF MICHIGAN, PC,

        Intervening Plaintiff,

v

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
July 15, 2026
11:25 AM

No. 368822
Wayne Circuit Court
LC No. 21-002082-NF

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this dispute over no-fault benefits, plaintiff[1] appeals as of right following a jury verdict that awarded work loss benefits but also determined that plaintiff was not entitled to any recovery for allowable expenses or replacement service expenses.[2]  For the reasons set forth in this opinion, we affirm.

---

[1] Intervening plaintiff, Spine Specialists of Michigan, PC, was dismissed by stipulation in the trial court and is not part of this appeal.  We therefore will simply refer to Khaleel Saqd as "plaintiff."

[2] Defendant contends that this Court lacks jurisdiction over the present appeal on the grounds that the claim of appeal was not timely filed.  In the alternative, defendant asserts that the scope of appellate review should be limited solely to the trial court's denial of plaintiff's initial motion for a new trial on procedural grounds, rather than any consideration of the merits.  Upon review of the relevant procedural history and the applicable court rules, we find no jurisdictional defect.  The

-1-

## I. BACKGROUND

Plaintiff was involved in a motor vehicle accident on December 27, 2019. On the morning in question, plaintiff was driving to his place of employment at a party store when his brakes failed, resulting in a collision with multiple vehicles. At the time of the accident, plaintiff was insured under a no-fault policy issued by defendant.

Plaintiff subsequently filed suit against defendant, alleging entitlement to unpaid no-fault benefits. Following a jury trial, plaintiff was awarded $5,600 in work loss benefits and $672 in interest. The jury further found that plaintiff had not incurred allowable expenses or replacement service expenses.

Plaintiff now appeals, raising several claims of error and requesting a new trial. None warrant relief.

## II. CLAIMS FILE

Plaintiff first contends on appeal that the trial court erred in failing to provide sufficient time to review an updated claims file—comprising over 8,000 pages—that defendant produced approximately two weeks prior to trial.

At a hearing on pretrial motions held the day before trial, plaintiff's counsel objected to defendant's recent production of an approximately 8,000-page updated claims file, noting that prior to this disclosure, only a 2,000-page file had been provided. The trial court took the matter under advisement and instructed that any objections could be raised during trial. At trial, defendant moved to admit the complete claims file, and plaintiff's counsel affirmatively stated there was no objection, provided the entire 8,093-page file was admitted.

However, now on appeal, plaintiff asserts that defendant failed to timely supplement the production of records, resulting in prejudice because "the claims file potentially contained documents that supported the Plaintiff's claims." Plaintiff's argument on this point is speculative. Nonetheless, plaintiff waived any objection to the admission of the claims file by expressly stating at trial that there was no objection, after the trial court had instructed that any such objections could be renewed during trial. Waiver constitutes the voluntary and intentional relinquishment of a known right, and a party who waives a right is precluded from seeking appellate review of its denial. See *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014). Here, plaintiff's counsel affirmatively approved the admission of the entire claims file into evidence,

---

notice of appeal was filed within 21 days after entry of the November 8, 2023, order denying plaintiff's motion for a new trial on the procedural ground that the motion exceeded the page limit prescribed by MCR 2.119(A)(2)(a). That plaintiff subsequently submitted a revised motion for a new trial, which was neither decided nor addressed on its merits by the trial court, and accordingly, does not affect the timeliness of the appeal or this Court's jurisdiction. See MCR 7.204(A)(1). Accordingly, we conclude that this appeal is properly before the Court and that jurisdiction is not lacking on the basis asserted by defendant.

thereby intentionally abandoning any right to object. "A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal," nor may a party "assign as error on appeal something which his or her own counsel deemed proper at trial, since to do so would permit the party to harbor error as an appellate parachute." *Id*. (quotation marks and citation omitted).

Additionally, plaintiff did not request an adjournment of trial or seek sanctions based on the timing of the file's production, despite the substance of the appellate argument being a lack of time for review. Michigan adheres to the "raise or waive rule of appellate review" in civil cases, requiring that the basis for alleged error on appeal be brought to the trial court's attention. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). Accordingly, plaintiff has waived review of this issue.

## III. SURVEILLANCE VIDEO

Plaintiff next argues that the trial court erred by admitting into evidence on the first day of trial surveillance video taken of plaintiff that was not previously produced to plaintiff.

On the first day of trial, as the parties were dealing with certain procedural matters before beginning jury voir dire, plaintiff's counsel informed the trial court that she had spoken to defense counsel "[a]bout a week or so ago" and learned that there was "video surveillance of the Plaintiff that ha[d] never been sent" to plaintiff's counsel. Defense counsel, however, believed that "everything" had been sent "years ago."[3] Defense counsel further explained:

> That surveillance has been in everything that we've filed for years, facilitation summaries, case evaluation summaries. The screen shots are in everything. At no point has anyone said, hey, I don't have this.

Defense counsel also stated that the surveillance video was listed on the exhibit list and was part of the claims file that had been provided to plaintiff's counsel. The trial court concluded that the video must have been overlooked somehow and ordered defense counsel to provide it to plaintiff's counsel. As plaintiff admits on appeal, the video was then provided that same day.

The surveillance video was shown to plaintiff during his cross-examination and played for the jury. Plaintiff's counsel specifically requested that the entire video be played. When defense counsel moved to admit the video, plaintiff's counsel stated that she had no objection. Accordingly, plaintiff waived this challenge to the admissibility of the video. *Braverman*, 303 Mich App at 608. To the extent plaintiff also appears to complain on appeal that the trial court failed to impose discovery sanctions on defendant based on the timing of the video production, plaintiff does not direct our attention to any portion of the record showing that such a request was made in the trial court. This argument is thus also waived. *Tolas Oil & Gas*, 347 Mich App at 289.

---

[3] The case had been proceeding for approximately two years by the time trial began.

## IV. JURY VOIR DIRE

Next, plaintiff argues that because plaintiff and his counsel[4] are Middle Eastern, the trial court erred by prohibiting plaintiff's counsel from inquiring during jury voir dire whether potential jurors harbored any biases about people of Middle Eastern descent.

"Voir dire is the process by which litigants may question prospective jurors so that challenges to the prospective jurors can be intelligently exercised." *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002). "It is indispensable to a fair trial that a litigant be given a reasonable opportunity to ascertain on the voir dire whether any of the jurors summoned are subject to being challenged for cause or even peremptorily." *Fedorinchik v Stewart*, 289 Mich 436, 438-439; 286 NW 673 (1939). "The scope of voir dire examination of prospective jurors is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *In re Spears*, 250 Mich App 349, 351-352; 645 NW2d 718 (2002). However, the scope of voir dire "must not be so limited as to exclude a showing of facts that would constitute ground for challenging for cause or the reasonable exercise of peremptory challenges." *Fedorinchik*, 289 Mich at 439.

Here, plaintiff concedes that the record contains no indication the trial court denied a request to conduct specific lines of inquiry during jury voir dire. Plaintiff maintains that such a request was made and denied in an off-the-record discussion with the trial court. However, our review is confined to the record established in the trial court. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 724-725; 909 NW2d 890 (2017). The appellant bears the burden of presenting a record adequate for review and supporting any claim for appellate relief. *Petraszewsky v Keeth*, 201 Mich App 535, 539-540; 506 NW2d 890 (1993). Here, is it clear that Plaintiff did not create a record in the trial court to facilitate review of this issue. Moreover, plaintiff's argument regarding the effect of not pursuing this line of inquiry during voir dire is speculative and unsupported by evidence of prejudice. Relief for claims of undetected juror bias due to voir dire defects requires proof of actual prejudice or that a challenge for cause would have been successful. *Bynum v ESAB Group, Inc*, 467 Mich 280, 286; 651 NW2d 383 (2002). Jurors are presumed qualified, and the burden of establishing disqualification rests with the party alleging it. *Id*. at 283. Clearly, plaintiff has failed to demonstrate entitlement to relief on this issue.

## V. REVOCATION OF ASSIGNMENT

Plaintiff next asserts that the trial court erred by precluding him from presenting bills to the jury from ZMC Pharmacy following the execution of a mutual revocation of assignment between plaintiff and ZMC. Plaintiff contends that this revocation reinstated his status as the real party in interest for claims related to ZMC's services and, accordingly, he should have been permitted to seek recoupment of those costs at trial.

The record reflects that, on February 7, 2023—one week prior to the scheduled trial date—plaintiff and ZMC jointly executed a document titled "Mutual Revocation of all Assignments,"

---

[4] Plaintiff is represented by the same attorney on appeal that represented him in the trial court.

purporting to revoke and nullify all prior assignments from plaintiff to ZMC relating to services and medications provided as a result of the December 27, 2019 accident. The timing and procedural posture of this revocation form the crux of the dispute.

At a hearing on the eve of trial, the trial court concluded that plaintiff's attempt to present the ZMC bills was untimely, reasoning that the revocation of assignments and the corresponding effort to litigate those costs at such a late stage would prejudice the proceedings. On appeal, plaintiff maintains that he and ZMC retained the right to revoke the assignments at any time, and that the trial court was obligated to recognize the revocation and allow plaintiff to present those claims to the jury.

"Michigan courts have long recognized that a plaintiff who assigns a claim cannot then bring suit to collect on that claim as that plaintiff is no longer the real party in interest." *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 165537); slip op at 15. In *C-Spine*, our Supreme Court held that a party who has assigned away their claims for personal protection insurance (PIP) benefits has standing to file a lawsuit pursuant to MCL 500.3112 but is not the real party in interest with respect to the claims assigned to a third party. *Id*. at ___, ___; slip op at 3, 26. The *C-Spine* Court further held that although "failure to bring suit in the name of the real party in interest is a ground for dismissal," it is nonetheless "possible, in some circumstances, for a plaintiff to cure this defect" *if* the plaintiff takes "proper steps to do so." *Id*. at ___; slip op at 22-23. The plaintiff "may not fix real party in interest defects by unilateral actions taken outside of court" and must instead "take some action in the litigation that would allow the court to assess the effect of the change in parties." *Id*. at ___; slip op at 23. Such actions in the litigation to accomplish this effect may include filing an amended complaint joining or substituting the proper plaintiff, intervention by the real party in interest, or filing an amended complaint reflecting that the plaintiff has become the real party in interest through an assignment. *Id*. A plaintiff may also seek the equitable remedy of rescission with respect to the prior assignment. *Id*. at ___; slip op at 24.

Crucially, here, plaintiff's position overlooks the principle, reaffirmed by our Supreme Court, that rescission of an assignment during ongoing litigation does not automatically and retroactively restore the assignor's status as the real party in interest. As our Supreme Court explained in *Wallace v Suburban Mobility Auth for Regional Transp*, the companion case to *C-Spine*, although mutual rescission may be recognized as an equitable remedy, its effect on ongoing litigation involving third parties is contingent on judicial approval. See *C-Spine*, ___ Mich at ___; slip op at 10-12, 33-35. The Court made clear that, even if the assignor and assignee mutually agree to rescind the assignment, such rescission "could not be given legal effect as to a third party without a ruling from a court." *Id*. at ___; slip op at 35. Thus, any purported revocation between plaintiff and ZMC, absent court approval and appropriate litigation steps, was insufficient to reinstate plaintiff's claims as to the ZMC bills for purposes of trial.

Furthermore, to the extent that plaintiff's actions could be construed as a request to amend the pleadings to account for the revocation and reassert the ZMC claims, the trial court acted well within its discretion in denying such relief. The case had been pending for nearly two years, discovery had closed, and the revocation was presented only one week before trial—circumstances our courts have consistently recognized as justifying denial of amendments due to undue delay

and resulting prejudice. See *Weymers v Khera*, 454 Mich 639, 659-660; 563 NW2d 647 (1997) (noting that prejudice may be found where a new claim or theory is raised on the eve of trial without reasonable notice to the opposing party). [5]

Although our Supreme Court in *Wallace* remanded the matter for the trial court to balance the equities and determine whether the equitable remedy of rescission was warranted in that case, the procedural posture in *Wallace* was fundamentally different than that of the present case. *C-Spine*, ___ Mich at ___; slip op at 36-37. In *Wallace*, the appeal was from the trial court's summary disposition ruling. *Id*. at ___; slip op at 12. Here, the issue arose within a week of trial, the trial court determined that the issue had been untimely presented, and the trial has been held. We discern no abuse of discretion in the trial court's finding of undue, prejudicial delay regarding plaintiff's attempt to unilaterally declare a rescission of the assignments and add the ZMC bills to the trial at the last minute. *Weymers*, 454 Mich at 659-660. Plaintiff has thus failed to demonstrate on appeal that he is entitled to any relief with respect to this issue.

## VI. CLOSING ARGUMENTS

Plaintiff raises two challenges pertaining to defense counsel's conduct during closing argument. First, plaintiff alleges that defense counsel made improper remarks by insinuating that plaintiff's healthcare providers were engaged in fraudulent or excessive billing practices and were rendering treatment primarily to generate medical expenses rather than for legitimate medical need. Upon review of the record, however, it is apparent that plaintiff failed to make a contemporaneous objection to these remarks at trial. It is well-established that an appellate court will generally decline to consider allegations of improper argument where the aggrieved party did not object at the time the remarks were made, thereby depriving the trial court of the opportunity to address or cure the alleged error. See *Tolas*, 347 Mich App at 289. Because plaintiff did not preserve this issue with a timely objection, appellate review is precluded, and the claim is deemed waived.

Plaintiff next contends that defense counsel presented a demonstrative exhibit to the jury during closing argument that had not been disclosed prior to its use. Once again, the trial record is devoid of any objection by plaintiff's counsel to the introduction or use of this demonstrative exhibit. The failure to contemporaneously object to the use of an undisclosed demonstrative waives appellate review of the issue. As with the previous claim, the absence of a timely objection precludes appellate consideration. *Id*.

Although plaintiff asserts in his appellate brief that his counsel interposed objections to both the improper remarks and the demonstrative exhibit, but that such objections were not transcribed, this Court is bound to review only the record as it exists. See *Meisner*, 321 Mich App at 724-725. It is the appellant's burden to ensure that the record on appeal is sufficient to verify

---

[5] A trial court's decisions regarding the amendment of pleadings are "within the sound discretion of the trial court and reversal is only appropriate when the trial court abuses that discretion." *Weymers*, 454 Mich at 654.

the basis for any claimed error. Where the record is silent, and no objection appears, this Court is constrained from granting relief. *Id*.

## VII. TESTIMONY OF DEFENDANT'S MEDICAL EXPERT

Plaintiff next contends that the testimony of defendant's expert, Dr. Hammoud, should have been stricken because Dr. Hammoud testified that he personally examined plaintiff, whereas plaintiff testified on rebuttal that the examination was actually conducted by another individual in Dr. Hammoud's office. Upon review, however, the record does not indicate that plaintiff raised this issue or requested that Dr. Hammoud's testimony be stricken on this ground at any time during the trial proceedings. Again, it is well established that appellate review is generally limited to issues preserved in the trial court, and an appellant must demonstrate that the same basis for the alleged error was presented below. See *Tolas*, 347 Mich App at 289. Because plaintiff failed to preserve this issue for appellate review, it is deemed waived and will not be considered further.

## VIII. DUI REFERENCE

Next, plaintiff argues that the trial court erred by failing to sanction defendant for not redacting testimony regarding plaintiff's previous DUI charges and convictions from one expert's recorded deposition when the court had already ordered that such testimony be stricken.

As plaintiff acknowledges, the trial court provided a curative instruction following plaintiff's objection during trial. The trial court stated as follows:

> So there is a portion of this that should have been redacted that was not, okay. And when the -- when the Plaintiff was in the accident, you know, that's what you need to focus on and just in terms of the accident and nothing else. Okay. So, yeah, certain things should have been redacted because that's -- none of that's relevant to what you have to decide here, okay.

Plaintiff's counsel subsequently stated, "I'm satisfied with the Court's instruction." "Jurors are presumed to follow their instructions, and jury instructions are presumed to cure most errors." *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020) (quotation marks and citation omitted). Plaintiff's purely speculative assertion on appeal that the jury "likely" took the improperly presented testimony into account when reaching its verdict is not sufficient to overcome the presumption that the curative jury instruction was sufficient. Plaintiff has not shown that he is entitled to any appellate relief on this issue.

## IX. INDIVIDUAL EXHIBITS FROM CLAIMS FILE

Next, plaintiff argues that the trial court erred by not allowing him to individually mark documents contained within the admitted claims file to send back to the jury during deliberations. The claims file was admitted into evidence at trial by stipulation. During deliberations, the jury asked for the "evidence," and the request was granted. On appeal, plaintiff does not cite any legal authority granting a right to modify the manner in which the evidence is presented or the state in which it exists after the jury has begun its deliberations. This issue is therefore abandoned. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to

this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted).

## X. EXPERT WITNESSES

Plaintiff also argues that the trial court erred by allowing the video deposition testimony of defendant's expert witnesses to be played for the jury at trial when there was no foundation laid for their expertise and defendant did not move to have them admitted as experts during the depositions.

"This Court reviews for an abuse of discretion the qualification of a witness as an expert and the admissibility of the testimony of the witness . . . ." *Lenawee Co v Wagley*, 301 Mich App 134, 161; 836 NW2d 193 (2013) (quotation marks and citation omitted; ellipsis in original). "An abuse of discretion occurs when a circuit court chooses a result that falls outside the range of reasonable and principled outcomes." *Id*. at 162.

Video depositions may be admitted into evidence at trial in accordance with the Michigan Rules of Evidence. MCR 2.308(A); MCR 2.315(F)(2). A party may object at trial to the admissibility of the deposition, or part of the deposition, "for any reason that would require the exclusion of the evidence." MCR 2.308(B). At the time of trial, MRE 702 provided as follows:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

At trial, defendant presented the testimony of six doctors by playing their video depositions. Before trial, plaintiff had moved to strike those witnesses on the grounds that there was no foundation laid as to the witnesses' knowledge or experience in their respective fields and defendant did not move during the depositions to have those witnesses admitted as experts. Thus, plaintiff raised the same argument before the trial court that is now raised on appeal. The trial court denied plaintiff's pretrial motion to strike, explaining that each witness had testified to their respective qualifications.

We have reviewed the transcripts of these witnesses' depositions provided to this Court as part of the record on appeal. Each doctor testified about their professional background, knowledge, and experience. Plaintiff's contention about the lack of foundation is simply not supported by the record. To the extent plaintiff had any objections to the sufficiency of the foundational testimony, plaintiff should have made those objections during the deposition when those concerns could have been addressed. By failing to do so, plaintiff waived this challenge because this Court has held that an objection to the sufficiency of the foundation laid in a deposition "falls within the category of formal objections that may be obviated during the taking of the deposition." *Komendat v*

*Gifford*, 334 Mich App 138, 148-149; 964 NW2d 75 (2020) (quotation marks and citation omitted); MCR 2.308(C)(3)(a).

Furthermore, plaintiff does not cite any authority to support his contention that any specific motion or additional formality by defendant was necessary for the expert testimony to be presented to the jury. Plaintiff has therefore abandoned this argument. *Wilson*, 457 Mich at 243.

Plaintiff has again not demonstrated that the trial court abused its discretion by admitting the expert testimony presented by defendant. *Lenawee Co*, 301 Mich App at 161.

## XI. DR. MONTOYA'S TESTIMONY

Plaintiff also argues that the trial court erred in admitting Dr. Eduardo Montoya's testimony that was critical of the testimony of plaintiff's treating physician, Dr. Lewis Smith. Plaintiff's argument is extremely vague and does not cite any specific testimony by Dr. Montoya. Moreover, it also does not appear that plaintiff ever made any objection to Dr. Montoya's testimony on this ground in the trial court. This Court is neither obligated nor permitted to craft arguments on behalf of a party. As repeatedly emphasized by Michigan appellate courts and in this opinion, it is incumbent upon the appellant to adequately present and develop legal arguments in support of the relief sought. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). When a party fails to properly develop an argument or cite supporting authority, appellate review is not warranted.

## XII. INCONSISTENT VERDICTS

Plaintiff further asserts that the trial court erred by accepting the jury's verdict and by denying plaintiff's motion for a new trial, arguing that the verdict was internally inconsistent and contrary to the great weight of the evidence because the jury awarded wage loss benefits but failed to award medical expenses for the same period. Upon review of plaintiff's appellate brief, however, it is apparent that plaintiff has failed to cite any relevant legal authority or substantively develop this argument beyond conclusory assertions. Again, a party may not merely announce a position and leave it to this Court to rationalize or elaborate an argument, nor may a party rely on mere assertions of error unsupported by legal authority. See *Mitchum*, 355 Mich at 203; *Wilson*, 457 Mich at 243. Where a party fails to adequately brief the merits of an allegation of error, the issue is deemed abandoned on appeal. As plaintiff has not properly presented or supported this claim, appellate review is unwarranted. *Id*.

Affirmed. Defendant having prevailed in full is entitled to tax costs. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

-9-